**Lauro Ricardo US–HERNANDEZ,
Petitioner,**

v.

**John ASHCROFT, U.S. Attorney
General, Respondent.**

No. 03–60476.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 2004.

Salvador Colon, Colon & Olvera, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Colette Jabes Winston, Trial Attorney, David V. Bernal, John Ashcroft, Washington, DC, Hipolito Acosta, Houston, TX, Caryl G. Thompson, New Orleans, LA, for Respondent.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Lauro Ricardo Us–Hernandez (Us–Hernandez), a Guatemalan citizen, petitions for review of the final order of the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's (IJ) decision to deny his application for asylum. Us–Hernandez argues that he was persecuted based on the political opinion imputed to him by the guerillas who attacked him after he did not pay them the money they demanded. He notes that his mother and brother were subsequently threatened and abused by guerillas after he left the country and even after they relocated within Guatemala. He contends that he has a well-founded fear of future persecution based on his family's experiences, including a shooting attack on his brother that occurred shortly after the 1996 Peace Accords were signed. Us–Hernandez's mother and brother relocated after the shooting, and Us–Hernandez testified that he was not aware of any problems occurring after this move.

After reviewing the record and the briefs, we conclude that the IJ's decision as adopted by the BIA is supported by substantial evidence and that the record evidence does not compel a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Campos–Guardado v. INS,* 809 F.2d 285, 289–90 (5th Cir.1987); *see also Lopez–Gomez v. Ashcroft,* 263 F.3d 442, 445 (5th Cir.2001). The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.